**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
David McGlothlin, Esq. (253265)
david@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff*,
Andra Jay As Executor of the Estate of Rita Cutler

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER,**<br><br>Plaintiff,<br><br>v.<br><br>**NAVIENT SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION LLC,**<br><br>Defendants. | **Case No.:**  CV16-2026 MWF (DTBx)<br><br>**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:**   November 13, 2017<br>**TIME:**    10:00 a.m.<br>**COURT:** 5A<br><br>**HON. MICHAEL W. FITZGERALD** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

PAGE

I.  INTRODUCTION .................................................................................. 1

II. STATUTORY BACKGROUND ......................................................... 1

    A. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ......................... 2

    B. FAIR CREDIT REPORTING ACT ................................................ 2

    C. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT .............. 3

    D. CALIFORNIA'S IDENTITY THEFT ACT ........................................ 4

III. LEGAL STANDARD ........................................................................ 5

IV. FACTUAL BACKGROUND ............................................................ 6

V.  ARGUMENT ..................................................................................... 6

    A. JAY'S CLAIMS ARE NOT BARRED BY THE RELEASE IN JAY I .............. 7

        1. The plain language of the November 2015 Settlement Agreement limits the scope of the release to the claims that existed at the time of execution ............................................. 8

        2. The November 2015 Settlement Agreement did not waive Jay's claims that did not exist at the time of execution .......... 9

            i. Jay's RFDCPA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement ....................................................................... 9

                a. Navient's reporting of the debt to the Credit Bureaus constitutes collection activity subject to the RFDCPA .................................................... 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case # CV16-2026 MWF (DTBx)          i of ix          *Cutler ex rel. Jay v. Navient*

TABLE OF CONTENTS & AUTHORITIES

b.  Navient's August 8, 2016 written communication constitutes an attempt to collect an invalid debt from the Estate ................................................... 11

c.  Even if the Release was not limited to those claims that existed "prior to the execution of th[e Settlement] Agreement, a waiver of future claims is void and unenforceable ................................... 12

ii.  *Jay's FCRA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement* .......... 12

iii.  *Jay's CCCRAA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement* ................................................................ 13

iv.  *Jay's CITA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement* .......... 14

B.  NAVIENT'S VIOLATIONS OF STATE AND FEDERAL LAW ESTABLISH JAY'S ARTICLE III STANDING ............................................. 14

1.  Jay has suffered concrete damages ...................................... 15

i.  *RFDCPA* ........................................................................ 16

ii.  *FCRA; and, CCCRAA* .................................................... 19

iii.  *CITA* ............................................................................. 20

VI.  CONCLUSION ........................................................................ 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Akalwadi v. Risk Mgmt. Alternatives, Inc.*,
  336 F. Supp. 2d 492 (D. Md. 2004) ........................................ 11

*Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*,
  2016 U.S. Dist. LEXIS 15935 (D. Md. 2016) ........................... 18

*Anderson v. Liberty Lobby Inc.*,
  477 U.S. 242 (1986) .............................................................. 5

*Artus v. Experian Info. Sols., Inc.*,
  2017 U.S. Dist. LEXIS 10718 (N.D. Cal. Jan. 24, 2017) ............ 19, 20

*Baker Pac. Corp. v. Suttles*,
  220 Cal. App. 3d 1148 (1990) ............................................... 1, 7

*Balke v. Alliance One Receivables Mgmt.*,
  2017 U.S. Dist. LEXIS 94021 (E.D.N.Y. June 19, 2017) .......... 17

*Bautz v. ARHS Nat'l Servs.*,
  226 F. Supp. 3d 131 (E.D.N.Y. 2016) ................................... 18

*Ben-Davies v. Bilbaum & Assocs.*,
  2017 U.S. App. LEXIS 9667 (4th Cir. June 1, 2017) ............... 16

*Benneck v. HSBC Bank USA, N.A.*,
  629 F.3d 876 (9th Cir. 2010) .............................................. 13, 19

*Bernal v. NRA Grp., LLC*,
  318 F.R.D. 64 (N.D. Ill. 2016) .............................................. 18

*Bock v. Pressler & Pressler, LLP*,
  2017 U.S. Dist. LEXIS 81058 (D.N.J. May 25, 2017) .............. 2

*Botefur v. City of Eagle Point*,
  7 F.3d 152 (9th Cir. 1993) ................................................... 7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Bowse v. Portfolio Recovery Assocs.*,
　218 F. Supp. 3d 745 (N.D. Ill. 2016) .......................................... 18

*Branco v. Credit Collection Servs.*,
　2011 U.S. Dist. LEXIS 94077 (E.D. Cal. 2011) ........................... 2

*Business Guides, Inc. v. Chromatic Communications Enters., Inc.*,
　121 F.R.D. 402 (N.D. Cal. 1998) ................................................. 7

*Byrne v. Or. One, Inc.*,
　2017 U.S. Dist. LEXIS 132538 (D. Or. July 18, 2017) .............. 16

*Cal. ex rel. Dep't of Toxic Substances Control v. Campbell*,
　138 F.3d 772 (9th Cir. 1998) ....................................................... 5

*Carvalho v. Equifax Info. Servs., LLC*,
　615 F.3d 1217 (9th Cir. 2010) ............................................ passim

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986)...................................................................... 5

*Chromatic Commc'ns Enters., Inc. v. Bus. Guides, Inc.*,
　1993 U.S. Dist. LEXIS 11388 (N.D. Cal. 1993) .......................... 7

*Church v. Accretive Health, Inc.*,
　654 F. App'x 990 (11th Cir. 2016) ............................................. 17

*Church of Lukumi Babalu Aye, Inc. Hialeah*,
　508 U.S. 520 (1993)................................................................... 15

*Clark v. Capital Credit & Collection Servs.*,
　460 F.3 1162 (9th Cir. 2006) ....................................................... 2

*Cooper v. California*,
　2007 U.S. Dist. LEXIS 42431 (N.D. Cal. 2007) .......................... 7

*Cutler ex rel. Jay v. Sallie Mae, Inc.*,
　2014 U.S. Dist. LEXIS 181914 (C.D. Cal. 2014)..................2, 16, 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Daley v. A & S Collection Assocs., Inc.*,
    2010 WL 2326256 (D. Or. 2010)...........................................................10, 11

*Davis v. Trans Union, LLC*,
    526 F. Supp. 2d 577 (W.D.N.C. 2007) ........................................................11

*Dennis v. BEH-1, LLC*,
    520 F.3d 1066 (9th Cir. 2008) ...................................................................13

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    2016 U.S. Dist. LEXIS 1528348 (S.D. Cal. 2016) ....................................20

*Dunham v. Robert Crane & Assocs.*,
    2017 U.S. Dist. LEXIS 95492 (S.D. Ind. June 20, 2017) .........................17

*Fausz v. NPAS, Inc.*,
    2017 U.S. Dist. LEXIS 24306 (W.D. Ky. Feb. 22, 2017) .........................18

*Federal Election Comm'n v. Adkins*,
    524 U.S. 11 (1998).....................................................................................16

*Feldheim v. Fin. Recovery Serv.*,
    2017 U.S. Dist. LEXIS 101290 (S.D.N.Y. June 29, 2017).......................17

*Ferrell v. S. Nevada Off-Rd. Enthusiasts, Ltd.*,
    147 Cal. App. 3d 309 (Ct. App. 1983).........................................................7

*Flores v. Collection Consultants*,
    2016 U.S. Dist. LEXIS 182624 (C.D. Cal. 2016).....................................17

*Geary v. Green Tree Servicing, LLC*,
    2017 U.S. Dist. LEXIS 93000 (S.D. Ohio June 16, 2017) .......................18

*Ghanta v. Immediate Credit Recovery, Inc.*,
    2017 U.S. Dist. LEXIS 67726 (N.D. Tex. Apr. 18, 2017).........................18

*Girdler v. Convergent Outsourcing, Inc.*,
    2016 U.S. Dist. LEXIS 179834 (D. Mass. 2016) ......................................18

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Gonzalez v. Credit Prot. Ass'n*,
   2017 U.S. Dist. LEXIS 99905 (N.D. Ill. June 28, 2017) ......................... 17

*Gordon v. Credit Bureau of Lancaster & Palmdale*,
   2012 U.S. Dist. LEXIS 72868 (C.D. Cal. 2012).......................................2

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir. 2009) ..........................................................passim

*Guimond v. Trans Union Credit Info. Co.*,
   45 F.3d 1329 (9th Cir. 1995) ....................................................... 3, 13

*Hayes v. Convergent Healthcare Recoveries, Inc.*,
   2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)...................................... 19

*Hawkins v. S2Verify*,
   2016 U.S. Dist. LEXIS 97584 (N.D. Cal. 2016) .................................... 20

*Hill v. Accounts Receivable Servs., LLC*,
   2016 U.S. Dist. LEXIS 150791 (D. Minn. 2016) .................................. 18

*Hook v. Arizona*,
   972 F.3d 1012 (9th Cir. 2012) .................................................................7

*Irvine v. I.C. Sys.*,
   198 F. Supp. 3d 1232 (D. Colo. 2016)...................................................... 17

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*,
   559 U.S. 573 (2010)................................................................................ 10

*Kaiser v. Cascade Capital LLC*,
   2017 U.S. Dist. LEXIS 117919 (D. Or. May 24, 2017)) ........................ 18

*Kaymark v. Urden Law Offices, P.C.*,
   2016 U.S. Dist. LEXIS 171061 (W.D. Pa. 2016) ................................... 18

*Keller v. Experian Info. Sols., Inc.*,
   201y U.S. Dist. LEIS 5734 (N.D. Cal. Jan. 13, 2017) .............................. 19

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Larson v. Trans Union LLC*,
    201 F. Supp. 3d 1103 (N.D. Cal. 2016) ........................................................ 20

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) ...................................................................................... 16

*Legacy v. Wells Fargo Bank*,
    2016 U.S. Dist. LEXIS 188569 (S.D. Cal. 2016) ....................................... 20

*Long v. Fenton & McGarvey Law Firm P.S.C.*,
    223 F.Supp. 3d 773 (S.D. Ind. 2016) .......................................................... 18

*Lugo v. Experian Info. Sols.*,
    2017 U.S. Dist. LEXIS 76856 (N.D. Cal. May 19, 2017) .......................... 19

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................................... 15

*Lyshe v. Levy*,
    854 .3d 855 (6th Cir. 2017) .......................................................................... 17

*Manaois v. Roberts*,
    2009 U.S. Dist. LEXIS 123812 (E.D. Cal. 2009) ......................................... 9

*Matute v. A.A. Action Collection Co.*,
    2017 U.S. Dist. LEXIS 91537 (D.N.Y. June 13, 2017) ............................. 17

*Meneses v. U-Haul Int'l, Inc.*,
    2012 U.S. Dist. LEXIS 26345 (N.D. Cal. 2012) ..................................... 6, 7

*Mey v. Got Warranty, Inc.*,
    2016 U.S. Dist. LEXIS 84972 (N.D.W. Va. 2016) .............................. 14, 15

*Munekiyo v. Capital One Bank, N.A.*,
    2011 U.S. Dist. LEXIS 140213 (C.D. Cal. 2011) ......................................... 2

*Murphy v. Bronson, Cawley & Bergmann, LLP*,
    2011 WL 2413447 (S.D. Cal. 2011) .............................................................. 2

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*MWS Wire Indus., Inc. v. California Fine Wine Co.,*
    797 F.2d 799 (9th Cir. 1986) ............................................................... 1

*Nelson v. Chase Manhattan Mortgage Corp.,*
    282 F.3d 1057 (9th Cir. 2002) ....................................................... 3, 13

*Palantir Techs., Inc. v. Palantir.net, Inc.,*
    2011 U.S. Dist. LEXIS 1700 (N.D. Cal. 2011) ........................................ 1

*Papetti v. Does,*
    2017 U.S. Dist. LEXIS 9165 (2d Cir. May 26, 2017) ............................. 16

*Pleasant Grove City v. Summum,*
    555 U.S. 460 (2009) ............................................................................ 15

*Pogorzelski v. Patenaude & Felix, APC,*
    2017 U.S. Dist. LEXIS 89678 (E.D. Wis. June 12, 2017) ...................... 17

*Public Citizen v. Department of Justice,*
    491 U.S. 440 (1989) ............................................................................ 16

*Ramirez v. Trans Union, LLC,*
    2016 U.S. Dist. LEXIS 143450 (N.D. Ca. 2016) ................................... 19

*Reagan v. American Home Mortg. Servicing Inc.,*
    2011 WL 2149100 (2011) .................................................................... 4

*Rogers v. Capital One Bank (USA) N.A.,*
    2016 U.S. Dist. LEXIS 73605 (N.D. Ga. 2016) ..................................... 16

*Safeco Ins. Co. of Ant. v. Burr,*
    551 U.S. 47 (2007) .......................................................................... 2, 12

*Sarkisyan v. Synchrony Bank,*
    2016 U.S. Dist. LEXIS 188569 (S.D. Cal. 2016) ................................... 20

*Satey v. JPMorgan Chase & Co.,*
    521 F.3d 1087 (9th Cir. 2008) ....................................................... 4, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case # CV16-2026 MWF (DTBx)    **viii of ix**    *Cutler ex rel. Jay v. Navient*

**TABLE OF CONTENTS & AUTHORITIES**

*Sayles v. Advanced Recovery Sys.*,
   2017 U.S. App. LEXIS 12080 (5th Cir. July 6, 2017)........................ 16, 17

*Schoendorf v. U.D. Registry, Inc.*,
   97 Cal. App. 4th 227 (2002) ............................................................. 13, 19

*Shriver v. Kuchel*,
   113 Cal. App. 2d 421 (Cal. Ct. App. 1952) ...................................... 9

*Smith v. GC Servs. L.P.*,
   2017 U.S. Dist. LEXIS 93710 (S.D. Ind. June 19, 2017) ......................... 18

*Sullivan v. Equifax*,
   2002 U.S. Dist. LEXIS 7884 (E.D. Pa. 2002) .................................... 11

*Syed v. M-1, LLC*,
   853 F.3d 492 (9th Cir. 2017) ............................................................ 19

*United Commercial Ins. v. Paymaster Corp.*,
   962 F.2d 853 (9th Cir. 1992) ............................................................ 7

*Vita-Herb Nutriceuticals, Inc. v. Probiohealth Ltd. Liab. Co.*,
   2012 U.S. Dist. LEXIS 127693 (C.D. Cal. 2012)) ..................................... 7

*Votivo Ltd. v. Mine Design*,
   2008 U.S. Dist. LEXIS 126355 (C.D. Cal. 2008)...................................... 7

*Wade v. Regional Credit Ass'n*,
   87 F.3d 1098 (9th Cir. 1996) ............................................................ 2

*Winehouse v. GC Servs. L.P.*,
   2017 U.S. Dist. LEXIS 86791 (E.D.N.Y. June 6, 2017) ........................ 17

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## I.      <u>INTRODUCTION</u>

California has a policy in favor of enforcing settlement contracts in accordance to their terms. *Palantir Techs., Inc. v. Palantir.net, Inc.*, 2011 U.S. Dist. LEXIS 1700, at *7 (N.D. Cal. 2011) citing to *MWS Wire Indus., Inc. v. California Fine Wire Co., Inc.*, 797 F.2d 799, 802 (9th Cir. 1986) ("courts of California regard a settlement agreement as tantamount to a judgment."). "So long as a release is 'clear, explicit and comprehensible in each of its essential details,' and 'read as a whole…clearly notif[ies] the prospective releasor…of the effect of signing the agreement,' it is valid and enforceable." *Id*. citing to *Baker Pac. Corp. v. Suttles*, 220 Cal. App. 3d 1148, 1153 (1990.)

Here, the Parties agree that the Parties entered into a valid and enforceable settlement agreement.  However, the Parties disagree regarding the scope of the release in said Settlement Agreement.  Based upon this disagreement, Defendant NAVIENT SOLUTIONS, INC. ("Navient") lodged Navient's Motion for Summary Judgment against Plaintiff ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER ("Jay") on October 16, 2017.  [ECF No. 102].  Following review of Navient's Motion in conjunction with applicable legal authority, it is apparent that Citi has failed to satisfy Citi's burden. For the reasons discussed below, Jay respectfully requests this Court deny Navient's Motion in its entirety.

## II.     <u>STATUTORY BACKGROUND</u>

Jay's Action is based upon (A) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (B) the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); (C) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and, (D) California's Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## A. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

The RFDCPA, like its federal counterpart, the Fair Debt Collection Practices Act, is designed to protect consumers from unfair and abusive debt collection practices. *See* Cal. Civ. Code § 1788.1. The RFDCPA is a strict liability statute. *See Branco v. Credit Collection Servs.*, 2011 U.S. Dist. LEXIS 94077, 26 (E.D. Cal. Aug. 23, 2011); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *Gordon v. Credit Bureau of Lancaster & Palmdale*, 2012 U.S. Dist. LEXIS 72868, 4 (C.D. Cal. Apr. 20, 2012). "Whether or not a communication or debt collection practice is deceptive under the RFDCPA is [also] determined from the standpoint of the 'least sophisticated debtor.'" *Munekiyo v. Capital One Bank, N.A.*, 2011 U.S. Dist. LEXIS 140213, 15 (C.D. Cal. Dec. 5, 2011) (citing *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

The RFDCPA "either mimics the relevant provisions of the FDCPA or incorporates them by reference. *Murphy v. Bronson, Cawley & Bergmann, LLP*, 2011 WL 2413447, at *6 (S.D. Cal. Jun 13, 2011)…" *Cutler ex rel. Jay v. Sallie Mae, Inc.*, 2014 U.S. Dist. LEXIS 181914, at *3 (C.D. Cal. Sept. 9, 2014).

## B. FAIR CREDIT REPORTING ACT

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681x in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1153 (9th Cir. 2009) citing to *Safeco Ins. Co. of Ant. v. Burr*, 551 U.S. 47 (2007).  As an important means to this end, "the [FCRA] sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." *Id*.; and, 15 U.S.C. § 1681(a)(4).  "[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit

information to [the Credit Bureaus], called 'furnishers' in the statute." *Gorman*, 584 F.3d at 1154.  A furnisher has two duties:

First, "[i]f the completeness or accuracy of any information furnished by any person to a consumer reporting agency is disputed by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *Id.*; and, 15 U.S.C. § 1681s-2(a)(3).

Second, "when a person who furnished information to a [Credit Bureau] receives notice from the [Credit Bureau] that the consumer disputes the information, the furnisher shall: (a) conduct an investigation with respect to the disputed information; (b) review all relevant information provided by the [Credit Bureau] pursuant to [15 U.S.C.] section 1681i(a)(2); (c) report the results of the investigation to the [Credit Bureau]; (d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [Credit Bureaus] to which the person furnished the information; and, (e) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, [the furnisher must] modify, delete or permanently block the reporting of that item to the [Credit Bureaus]." *Gorman*, 584 F.3d at 1154.

"These duties arise only after the furnisher receives notice of a dispute from a [Credit Bureau]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under [the FCRA].  *Id.* citing to *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002).  Furthermore, when evaluating a consumer's claims under this statute, the FCRA is to be liberally construed in favor of the consumer.  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995).

**C. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

In enacting the California Consumer Credit Reporting Agencies Act ("CCCRAA"), the Legislature found that there was a need "to insure that consumer

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. Code § 1785.1(c). It is the purpose of the CCCRAA "to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" Cal. Civ. Code § 1785.1(d).

Much like the FCRA, and relevant to the case at hand, Cal. Civ. Code § 1785.25(a) states that, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code, § 1785.25(a); *Reagan v. American Home Mortg. Servicing Inc.*, 2011 WL 2149100, 3 (2011); *see also Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217 at 1227-28. Essentially, there are four elements to the CCCRAA: 1) a person as defined by the statute, 2) reported information to a consumer credit reporting agency, 3) which was inaccurate, and 4) Defendant knew, or had reason to know that information reported was inaccurate. *Id. Reagan* explained that "[f]urnishing an inaccurate credit report is not necessarily a violation of Section 1785.25(a)—Section 1785.25(g) affords a safe harbor for furnishers with reasonable reporting procedures." *Reagan* at 3. Keeping the above-mentioned rules in mind, "knowingly or negligently furnishing an inaccurate report, [] is a violation." *Id*.

### D. CALIFORNIA'S IDENTITY THEFT ACT

"California's Identity Theft Act allows a 'victim of identity theft' to bring an action for damages, civil penalty, and injunctive relief against a 'claimant.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008). *See also* Cal. Civ. Code § 1798.93(a)-(c). The term "claimant" means a "person who has or purports to have a claim for money or an interest in property in connection with a transaction

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

procured through identity theft." Cal. Civ. Code § 1798.92(a).  Moreover, the phrase "victim of identity theft" means "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not posses the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code."  Cal. Civ. Code § 1798.92(d).

## III.   **LEGAL STANDARD**

Summary judgment, or alternatively, summary adjudication, is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (Ninth Circuit applied same standard to both Summary Judgment and Summary Adjudication Motions).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party so moving bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett,*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.*  In its inquiry, the court cannot engage in credibility determinations or weigh the evidence because these functions are reserved for the jury. *Anderson,* 477 U.S. at 255.

As established below, Summary Judgment is warranted because Citi violated the FCRA; and, the CCCRAA by inaccurately reporting that a foreclosure had been

PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO
DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D
COSTA MESA, CA 92626

started or initiated by Citi against Robbins.  In the alternative, Robbins requests Summary Adjudication in order to narrow the issues at trial.

## IV.    FACTUAL BACKGROUND

Of relevance to this matter, the Parties entered into a Settlement Agreement in the matter of *Rita Cutler, ex rel. Andra Jay v. Sallie Mae, Inc., et al.*, EDCV13-2142 MWF (DTBx) (C.D. Cal.) ("Jay I").  [Statement of Genuine Dispute ("SGD"), Nos. 1; and, 3, Declaration of Andra Jay ("Jay Decl."), ¶ 4].  ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████. [*See* Exhibit B attached to Simonetti Decl., ¶ 3; and, Jay Decl., ¶ 9]. ████

████████████████████████████████████████████████████

████████████████████████████████████. [*Id.*; and, Jay Decl., ¶ 10]. ████████

████████████████████████████████████████████████████

████████████████████████████████████. [Settlement Agreement, ¶¶ 6-7; and, Jay Decl., ¶ 11]. ████████████████████████████████████████████████

[*Id.*; and, Jay Decl., ¶ 12].

Thereafter, Jay determined that Navient continued to report the debt to Cutler's Credit Report.  [Jay Decl., ¶ 13].  As a result, Jay disputed the trade line to the respective credit bureaus on July 8, 2016.  [*See* Exhibit C attached to Simonetti Decl.; and, Jay Decl., ¶ 14.  In response, Navient verified that Navient was reporting the trade line correctly and continued Navient's collection efforts.  [*See* Exhibit D attached to Simonetti Decl.; and, Jay Decl., ¶¶ 18-19].  This continued reporting constitute collection activity in violation of the RFDCPA as well as violations of the FCRA; CCCRAA; and, CITA.

## V.    ARGUMENT

"The interpretation of a settlement agreement is governed by principles of state contract law…"  *Meneses v. U-Haul Int'l, Inc.*, 2012 U.S. Dist. LEXIS 26345,

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

at *13-14 (N.D. Cal. 2012) citing to *Hook v. Arizona*, 972 F.2d 1012, 1015 (9th Cir. 1992); *Cooper v. California*, 2007 U.S. Dist. LEXIS 42431, at *2 (N.D. Cal. 2007); and, *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993).

"For several decades, California courts have exhibited a 'strong and growing distaste…for exculpatory release provisions releasing a tortfeasor from liability for his or her future negligence or misconduct." *Vita-Herb Nutriceuticals, Inc. v. Probiohealth Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 127693, at *16 (C.D. Cal. 2012) citing to *Ferrell v. S. Nevada Off-Rd. Enthusiasts, Ltd.*, 147 Cal. App. 3d 309, 314 (Ct. App. 1983). "Under California law, '[t]o be valid and enforceable, a written release exculpating a tortfeasor from liability for future negligence or misconduct must be clear, unambiguous and explicit in express the intent of the parties.'" *Id.* citing to *Baker Pac. Corp. v. Suttles*, 220 Cal. App. 3d 1148, 1153 (1990).

Here, Navient does not deny any of that facts that gave rise to Jay's claims. Navient merely argues that (A) Jay's claims are barred by the release in Jay I; and, (B) Jay lacks Article III Standing. These narrow defenses constitute tacit admissions that the elements to Jay's prima facie claims have been met. *See Chromatic Commc'ns Enters., Inc. v. Bus. Guides, Inc.*, 1993 U.S. Dist. LEXIS 11388, at *6 (N.D. Cal. 1993) citing to *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 121 F.R.D. 402, 404 (N.D. Cal. 1988) ("silence amount[s] to a 'tacit admission.'"). For the reasons discussed below, Navient's Motion should be denied in its entirety.

## A. JAY'S CLAIMS ARE NOT BARRED BY THE RELEASE IN JAY I.

"'The construction and enforcement of settlement agreements are governed by the principals of local contract law,' even where the underlying cause of action is federal…'" *Votivo Ltd. v. Mine Design*, 2008 U.S. Dist. LEXIS 126355, at *5 (C.D. Cal. 2008) citing to *United Commercial Ins. Serv. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). "A settlement agreement is therefore treated the 'same as any

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

contract for purposes of interpretation.'" *Id*.

Here, ████████████████████████████████████████████

████████████████████████████. [Navient's Motion, 9:2-10:14]. However, this argument fails because (1) Jay's claims did not exist until after the Settlement Agreement was signed; and, (2) the plain language of the release is limited to claims that existed prior to the execution of the Agreement

> **1. The plain language of the November 2015 Settlement Agreement limits the scope of the release to claims that existed at the time of execution.**

Navient misleads this Court as to the scope of the release by paraphrasing and omitting language that does not support Navient's position. [Navient's Motion, 9:14-20]. Review of the release in full; however, readily establishes that Jay did not waive the current claims.



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

[*See* Exhibit B attached to the Declaration of Lisa Simonetti]. The portion omitted by Navient is telling. ███████████████████████

███████████████████████████████████████████████

████████████████████████████████ [*Id.*]. █████████████

███████████████████████████████████████████████

████████████████ [*Id.* at pages 3-4]. ████████████████

███████████████████████████████████████████████

████████ █████████████████████████████████████████

███████████████████████████████████████████████

Thus, Navient's Motion should be denied.

**2. <u>The November 2015 Settlement Agreement did not waive Jay's claims that did not exist at the time of execution.</u>**

"[A] valid compromise agreement has many attributes of a judgment and, in the absence of showing of fraud or undue influence, is decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy." *Manaois v. Roberts*, 2009 U.S. Dist. LEXIS 123812, at \*11 (E.D. Cal. 2009) citing to *Shriver v. Kuchel*, 113 Cal. App. 2d 421, 425 (Cal. Ct. App. 1952).

████████████████████████████████████████████████

██████████████████████████████████. Specifically, Jay's (i) RFDCPA; (ii) FCRA; (iii) CCCRAA; and, (iv) CITA were not released by the November 2015 Settlement Agreement.

**i.  *Jay's RFDCPA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement.***

Jay's RFDCPA claims are not released because all such claims arose after the Settlement Agreement was signed. ██████████████████████████

████████████████████████████████████████████████

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

[Navient's Motion, 10:8-9]. In support of this contention, Navient states that ███████████████████████████████████████████████ [*Id*. at 10-12]. This statement, like many in Navient's Motion, is deceptively limited to mislead this Court. To the contrary, Navient engaged in collection activity by (a) seeking to collect Jay's debt in August 2016; and, (b) reporting the debt to the credit bureaus.

### a. Navient's reporting of the debt to the Credit Bureaus constitutes collection activity subject to the RFDCPA.



███████████████████. [Navient's Motion, 10:1-2]. This argument directly contradicts ¶ 3 of the Parties' Settlement Agreement. This paragraph stated the following

By reporting the debt to the Credit Bureaus, ███████████████ ████████████████████████████████████████ Such reporting has been found to be subject to the RFDPCA on multiple occasions. As this Court is aware, reporting a debt to a credit bureau is a "powerful tool designed, in part, to wrench compliance with payment terms." *Rivera v. Bank One*, 145 F.R.D. 614, 620 (1993). The purpose of the credit reporting system is to coerce and reward consumers to pay said consumer's debts by denying good credit if consumers become delinquent and award good credit if consumers are current. As such, the reporting a debt to a credit reporting agency unequivocally is conduct subject to the RFDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 619 (2010); *Daley v. A & S Collection Assocs., Inc.*, 2010 WL 2326256

Case # CV16-2026 MWF (DTBx)          10 of 21          *Cutler ex rel. Jay v. Navient*

PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO
DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

(D. Or. 2010); *Davis v. Trans Union, LLC*, 526 F. Supp. 2d 577 (W.D.N.C. 2007); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 (D. Md. 2004) ("act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be 'in connection with' the collection of a debt"); *Sullivan v. Equifax*, 2002 U.S. Dist. LEXIS 7884 at 15 (E.D. Pa. 2002) (same).  Thus, Navient's motion should be denied.

**b. Navient's August 8, 2016 written communication constitutes an attempt to collect an invalid debt.**

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████ [Settlement Agreement, page 2 attached as Exhibit B to Simonetti Decl.].  Despite this promise, Navient sent Jay a written communication dated August 8, 2016.  [Simonetti Decl., Exhibit D].  Said written communication stated in pertinent part

> If you still believe that the loan is not yours or that the loan is a result of identity theft, please call our Fraud Department at the number below.  Otherwise, you'll continue to be responsible for repayment of the debt and we may continue to report the information to the consumer reporting agencies.

[*Id.*]. ████████████████████████████████████████

████████████████████████████████████. [*See* Settlement Agreement, page 2]. By seeking to collect this debt from Jay after absolving Cutler and her estate from the Loan, Navient violated Cal. Civ. Code § 1788.17 through incorporation of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; and, 1692f(1).  Thus, Navient's Motion should be denied.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**c. Even if the Release was not limited to those claims that existed "prior to the execution of th[e Settlement] Agreement, a waiver of future claims is void and unenforceable.**

Additionally, Navient's argument also fails because "[a]ny waiver of the provisions of [the RFDCPA] is contrary to public policy, and is void and unenforceable." *See* Cal. Civ. Code § 1788.33. █████████████

████████████████████████████████████████████████

██████████████████████████████. Thus, Navient's Motion should be denied.

**ii.    *Jay's FCRA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement.***

Jay's FCRA claims are not released because all such claims arose after the Settlement Agreement was signed. "Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681x in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1153 (9th Cir. 2009) citing to *Safeco Ins. Co. of Ant. v. Burr*, 551 U.S. 47 (2007). As an important means to this end, "the [FCRA] sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." *Id*.; and, 15 U.S.C. § 1681(a)(4). "[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to [the Credit Bureaus], called 'furnishers' in the statute." *Gorman*, 584 F.3d at 1154. "These duties arise only after the furnisher receives notice of a dispute from a [Credit Bureau]; notice of a dispute received directly from

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

the consumer does not trigger furnishers' duties under [the FCRA].  *Id.* citing to *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002).  To assert a prima facie FCRA claim, "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Credit Info., Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); and, *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008).

████████████████████████████████████████████████████

████████████████████████  [*See* Exhibits F; and, G attached to Simonetti Decl.].

████████████████████████████████████████████████████

████████████████████████████████████.  Thus,

### iii.    *Jay's CCCRA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement.*

Jay's CCCRAA claims are not released because all such claims arose after the Settlement Agreement was signed.  Like the relationship between the RFDCPA; and, the FDCPA, the CCCRAA "is a 'virtually identical'" to the FCRA.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Benneck v. HSBC Bank USA, N.A.*, 2016 U.S. Dist. LEXIS 79980, at *17 (N.D. Cal. June 20, 2016); and, *Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App. 4th 227, 238 (2002).  Pursuant to the CCCRAA, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  *See also Cavalho*, 615 F.3d at 1227-28 citing to Cal. Civ. Code § 1785.25(a).  Unlike the FCRA; however, the CCCRAA does not require a dispute to be actionable.

████████████████████████████████████████████████████

████████████████████████████████████████████.  ████████

████████████████████████████████████████████████████

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

██████████████████████████ Thus, Navient's Motion should be denied.

   **iv.**  ***Jay's CITA claims were not released by the November 2015 Settlement Agreement because said claims arose after the execution of this Settlement Agreement.***

  Jay's CITA claims are not released because all such claims arose after the Settlement Agreement was signed. According to the Ninth Circuit, "civil penalties are available if the victim of identity theft proves all of the following by clear and convincing evidence: (1) that at least 30 days prior to filing an action...pursuant to this section, [the victim of identity theft] provided written notice to the claimant at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief; (2) that the claimant failed to diligently investigate the victim's notification of a possible identity theft; and, (3) that the claimant continued to pursue its legal claim against the victim after the claimant was presented with facts that were later held to entitle the victim to a judgment pursuant to this section." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008). *See also* Cal. Civ. Code § 1798.93(a)-(c).

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████. Thus, Navient's Motion should be denied.

  **B. NAVIENT'S VIOLATIONS OF STATE AND FEDERAL LAW ESTABLISH JAY'S ARTICLE III STANDING.**

  Despite Navient's reliance on *Spokeo*, this Order "appears to have broken no new ground." *Mey v. Got Warranty, Inc.*, 2016 U.S. Dist. LEXIS 84972, at *4

(N.D.W. Va. June 30, 2016). To the contrary, the Supreme Court merely held that the Ninth Circuit erroneously

> overlooked the concreteness requirement, and had therefore failed to determine whether a consumer reporting agency's alleged violations of the Fair Credit Report Act's procedural requirements caused concrete injury.

*Id.* In *Spokeo*, "the defendant sought a ruling that would have eviscerated causes of action seeking statutory damages...[b]ut the Supreme Court did no such thing." *Id.* at *7. "The Supreme Court explicitly took no position on whether Robins' injuries were in fact concrete for standing purposes." *Id.*

Regardless, to have standing to bring an action in federal court, the District Court examines the following three factors: (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The first factor, injury in fact, is the only factor called into question by Navient.

## 1. <u>Jay has suffered concrete injuries.</u>

Navient's Motion is based upon a narrow reading of Jay's deposition testimony when Jay responded to an answer that called for a legal conclusion. [Navient's Motion, pages 10-13]. While Jay does not seek to recover actual damages, Jay's claims for statutory damages; punitive damages; attorneys' fees; and, costs remain active.

As explained by the United States Supreme Court, an injury is concrete if it is real and actually exists. *Spokeo*, 136 S. Ct. at 1548. The Supreme Court explained that although tangible injuries are more readily recognizable as concrete injuries, "intangible injuries can nevertheless be concrete." *Id.* at 1549 citing to *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); and, *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993). Courts should look to "history and the

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

judgment of Congress," which both "play important roles" in discerning whether an injury in fact exists. *Spokeo*, 136 S. Ct. at 1548. Moreover, Congress has the power to enact statutes that create legal rights, "the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973). The "violation of a procedural right granted by status can be sufficient in some circumstances to constitute an injury in fact." *Id*. "In other words, a plaintiff in such a case need not allege any *additional* harm beyond that one Congress has identified (emphasis in original)." *Id*. citing to *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998); and, *Public Citizen v. Department of Justice*, 491 U.S. 440, 449 (1989). "Congress may, by statute, transform a previously non-concrete injury into one that is consent and therefor sufficient to confer standing." *Rogers v. Capital One Bank (USA) N.A.*, 2016 U.S. Dist. LEXIS 73605, at *4 (N.D. Ga. June 3, 2016) (Order Post-Spokeo Denying defendant's Motion to Dismiss for Lack of Standing).

Here, Navient ignores that both Circuit and Appellate Courts have ruled almost uniformly that violations of the consumer protection statutes at issue herein, even in the absence of actual damages, confer sufficient Article III standing.

### i.   *Rosenthal Fair Debt Collection Practices Act*

With regard to the RFDCPA,[1] "every circuit court to address similar post-*Spokeo* FDCPA standing issues has rejected the defendants' standing challenges." *Byrne v. Or. One, Inc.*, 2017 U.S. Dist. LEXIS 132538, at *8-9 (D. Or. July 18, 2017) citing to *Papetti v. Does*, 2017 U.S. App. LEXIS 9165, at *3-4 (2d Cir. May 26, 2017); *Ben-Davies v. Bilbaum & Assocs.,* 2017 U.S. App. LEXIS 9667, *2 (4th Cir. June 1, 2017); *Sayles v. Advanced Recovery Sys.*, 2017 U.S. App. LEXIS 12080,

---

[1] This Court previously held that the FDCPA and RFDCPA are examined identically. Thus, these decisions discussing the FDCPA apply equally to Jay's RFDCPA claims. *See Cutler ex re. Jay*, 2014 U.S. Dist. LEXIS 181914, at *3.

PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

*3 (5th Cir. July 6, 2017); *Lyshe v. Levy*, 854 F.3d 855, 858 (6th Cir. 2017); and, *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

Similarly, this Court explained that "[t]hrough the FDCPA, Congress created statutory legal rights to be free from certain abusive debt collection practices, and a debt collector's violation of those rights may constitue a concrete and particularized injury." *Flores v. Collection Consultants*, 2016 U.S. Dist. LEXIS 182624, at *7-8 (C.D. Cal. 2016) citing to *Irvine v. I.C. Sys.*, 198 F. Supp. 3d 1232 (D. Colo. 2016); and, *Church*, 654 F. App'x at 993 ("[T]he [*Spokeo*] Court also noted that an injury need not be tangible to be concrete and reiterated that 'Congress may elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law."). Judge Carter's Order in *Flores* is in line with the majority of FDCPA cases throughout the country finding that statutory violations, "standing alone, create[] a sufficiently concrete injury." *See Bryne*, 2017 U.S. Dist. LEXIS 132538, at *18 citing to:

1. *Feldheim v. Fin. Recovery Serv.*, 2017 U.S. Dist. LEXIS 101290, at *6 (S.D.N.Y. June 29, 2017);

2. *Gonzalez v. Credit Prot. Ass'n*, 2017 U.S. Dist. LEXIS 99905, at * 2 (N.D. Ill June 28, 2017);

3. *Dunham v. Robert Crane & Assoc.*, 2017 U.S. Dist. LEXIS 95492, at *5 (S.D. Ind. June 20, 2017);

4. *Balke v. Alliance One Receivables Mgmt.*, 2017 U.S. Dist. LEXIS 94021, at *3 (E.D.N.Y. June 19, 2017);

5. *Matute v. A.A. Action Collection Co.*, 2017 U.S. Dist. LEXIS 91537, at *5 (D.N.J. June 13 2017);

6. *Pogorzelski v. Patenaude & Felix, APC*, 2017 U.S. Dist. LEXIS 89678, at *5 (E.D. Wis. June 12, 2017);

7. *Winehouse v. GC Servs. L.P.*, 2017 U.S. Dist. LEIXS 86791, at *3 (E.D.N.Y. June 6, 2017);

8. *Kaiser v. Cascade Capital LLC*, 2017 U.S. Dist. LEXIS 117919, at *5 (D. Or. May 25, 2017);

9. *Bock v. Pressler & Pressler, LLP*, 2017 U.S. Dist. LEXIS 81058, at *8 (D.N.J. May 25, 2017);

10. *Ghanta v. Immediate Credit Recovery, Inc.*, 2017 U.S. Dist. LEXIS 67726, at *4 (N.D. Tex. Apr. 18, 2017);

11. *Fausz v. NPAS, Inc.,* 2017 U.S. Dist. LEXIS 24306, *5 (W.D. Ky. Feb. 22, 2017);

12. *Girdler v. Convergent Outsourcing, Inc.*, 2016 U.S. Dist. LEXIS 179834, *3 (D. Mass. Dec. 29, 2016);

13. *Bautz v. ARHS Nat'l Servs.*, 226 F.Supp. 3d 131 (E.D.N.Y. 2016);

14. *Kaymark v. Urden Law Offices, P.C.*, 2016 U.S. Dist. LEXIS 171061, *6-7 (W.D. Pa. 2016);

15. *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. 2016);

16. *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, 2016 U.S. Dist. LEXIS 15935, at *7 (D. Md. 2016);

17. *Hill v. Accounts Receivable Servs., LLC*, 2016 U.S. Dist. LEXIS 150791, at *4 (D. Minn. 2016);

18. *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 71-73 (N.D. Ill. 2016);

19. *Smith v. GC Servs. L.P.*, 2017 U.S. Dist. LEXIS 93710, at *2 (S.D. Ind. June 19, 2017);

20. *Geary v. Green Tree Servicing, LLC*, 2017 U.S. Dist. LEXIS 93000, at *4 (S.D. Ohio June 16, 2017);

21. *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016); and,

22. *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743, at *4 (C.D. Ill. 2016)

Thus, Jay requests this Court also reject Navient's *Spokeo* argument based upon the overwhelming authority cited herein.

### ii.   *FCRA; and, CCCRAA*

"[T]he purpose of the FCRA…is 'to protect consumers from transmission of inaccurate information about them.'" *Lugo v. Experian Info. Sols.*, 2017 U.S. Dist. LEXIS 76856, at *7 (N.D. Cal. May 19, 2017) citing to *Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217, 1230 (9th Cir. 2010); and, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). "By providing a private cause of action for violations of § 1681s-2(b), 'Congress has recognized the harm such violations cause, thereby articulating a 'chain[] of causation that will give rise to a case or controversy.'" *Lugo* citing to *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). "Accordingly, TD Bank's argument based on lack of Article III standing [was] rejected. *Lugo*, 2017 U.S. Dist. LEXIS 76856, at *8 citing to *Artus v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 10718, at *6 (N.D. Cal. Jan. 24, 2017); and, *Keller v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 5735, at *10-11 (N.D. Cal. Jan. 13, 2017).

Like *Lugo*, numerous District Courts throughout the country have determined that statutory violations of the FCRA without more confer sufficient Article III standing.[2] *See, e.g., Ramirez v. Trans Union, LLC*, 2016 U.S. Dist. LEXIS 143450,

---

[2] Like the relationship between the RFDCPA; and, the FDCPA, the CCCRAA "is a 'virtually identical'" to the FCRA. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Benneck v. HSBC Bank USA, N.A.*, 2016 U.S. Dist. LEXIS

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

at *16-17 (N.D. Cal. 2016) ("Plaintiff has suffered a concrete and particularized injury with respect to his disclosure and accuracy claims and therefore has constitutional standing."); *Larson v. Trans Union LLC*, 201 F. Supp. 3d 1103, 1106 (N.D. Cal. 2016); *Hawkins v. S2Verify*, 2016 U.S. Dist. LEXIS 97584, at *5-6 (N.D. Cal. 2016); and, *Artus v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 10718, at *6 (N.D. Cal. Jan. 24, 2017).

### iii.   *CITA*

CITA "allows a 'victim of identity theft' to bring an action for damages, civil penalties, and injunctive relief' against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." *Sarkisyan v. Synchrony Bank*, 2016 U.S. Dist. LEXIS 188569, at *15-16 (S.D. Cal. 2016). *See also Legacy v. Wells Fargo Bank*, 2016 U.S. Dist. LEXIS 61942, at *1 (S.D. Cal. 2016). Moreover, "the lack of actual damages does not bar recovery of the civil penalty." *Cutler ex rel. Jay v. Sallie Mae, Inc.*, 2015 U.S. Dist. LEXIS 58157, at *23 (C.D. Cal. 2015). As such, this very court has already ruled that Jay can proceed against Navient formerly known as Sallie Mae, Inc. despite a lack of actual damages. Thus, Navient's Motion should be denied. *See also Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 U.S. Dist. LEXIS 1528348, at *20 (S.D. Cal. 2016);

## VI.   **CONCLUSION**

For the reasons stated above, Navient's Motion should be denied in its entirety.

---

79980, at *17 (N.D. Cal. June 20, 2016); and, *Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App. 4th 227, 238 (2002).

**PLAINTIFF ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER'S OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Dated: October 19, 2017                    Respectfully submitted,

                                    **KAZEROUNI LAW GROUP, APC**

                                    By: ___/s/ Matthew M. Loker__
                                        MATTHEW M. LOKER, ESQ.
                                        ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Plaintiff's Opposition to Defendant's Motion for Summary Judgment* has been filed this 23rd day of October 2017, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.


                                    ___/s/ Matthew M. Loker____
                                        Matthew M. Loker